Joseph M. Nelson v. Commissioner.
Nelson v. Commissioner
Docket No. 6501.
United States Tax Court
1945 Tax Ct. Memo LEXIS 23; 4 T.C.M. (CCH) 1027; T.C.M. (RIA) 45346; November 30, 1945
*23 Joseph M. Nelson, pro se. Thomas R. Charshee, Esq., for the respondent. VAN FOSSAN Memorandum Opinion VAN FOSSAN, Judge: The Commissioner determined a deficiency of $308.23 in petitioner's income tax for 1941, consequent on the disallowance of a deduction for loss due to the worthlessness of certain second mortgage bonds. [The Facts] The facts were stipulated in large part substantially as follows: Petitioner is an individual and duly filed his income tax return for the year 1941 with the collector of internal revenue for the first district of Pennsylvania. The 106 West 56th Street Corporation was organized in 1927 under the laws of New York for the purpose of holding, without profit, title to real estate upon which a clubhouse was built in 1927 for the Phi Gamma Delta Fraternity. Under the arrangement the fraternity agreed to pay rent to the corporation in an amount sufficient to meet the obligations of the corporation and amortize the bonded indebtedness. Funds for building the clubhouse were raised by issuing a $300,000 first mortgage, held by the Equitable Life Assurance Society, and $165,875 second mortgage, 6 per cent coupon bonds to members of *24 the fraternity who wished to subscribe. Interest was paid on the first mortgage from 1928 to December 1933, and spasmodically thereafter. Interest was paid on the second mortgage bonds from 1928 to April 1932, but no interest was paid thereafter. The petitioner, a member of the Phi Gamma Delta Fraternity, purchased $2,500 face value of the second mortgage bonds in 1928 and paid par for the securities. Substantial losses were suffered continuously by the 106 West 56th Street Corporation, and on January 1, 1935, the Equitable Life Assurance Society granted an extension of the first mortgage to July 1, 1939. On July 1, 1939 the Equitable Life Assurance Society waived $13,100 of the accrued interest due, with the understanding that a chattel mortgage would be taken by the Equitable Life Assurance Society upon any future chattels purchased by the corporation, and the first mortgage was then extended to July 1, 1941. On December 31, 1937, the 106 West 56th Street Corporation had total assets amounting to $343,590.84, total liabilities, exclusive of capital stock ($144,125), amounting to $577,508.78, and a deficit of $378,042.94. On December 31, 1938, the corporation had total assets *25 amounting to $339,284.47, total liabilities, exclusive of capital stock, amounting to $596,146.73, and a deficit of $400,987.26. On December 31, 1939, the corporation had total assets amounting to $339,533.48, total liabilities, exclusive of capital stock, amounting to $618,470.03, and a deficit of $423,061.55. On December 31, 1940, the corporation had total assets amounting to $344,527.37, total liabilities, exclusive of capital stock, amounting to $643,415.83, and a deficit of $443,013.46. The Phi Gamma Delta Fraternity, which occupied the principal asset of the 106 West 56th Street Corporation, owed the corporation in back rent the amounts of $28,808.88 on December 31, 1937, $37,388.10 on December 31, 1938, $51,120.18 on December 31, 1939, and $65,280.06 on December 31, 1940. In his income tax return for 1941, the petitioner has claimed a long-term capital loss in the amount of $1,249.50. The respondent has denied the loss and determined that the second mortgage bonds of the 106 West 56th Street Corporation became worthless prior to 1941. Additional facts adduced at the hearing were that during 1941 the petitioner sold the second mortgage bonds, which had cost him $2,500, *26 to a close personal friend and fraternity brother, for $1.00. No Federal transfer tax or state transfer tax was paid on account of the sale. The bonds were not listed on the open market and the sale was made solely for the purpose of taking a tax deduction. Since it is stipulated that the respondent determined that the second mortgage bonds became worthless prior to 1941 and disallowed the deduction for that year, the burden rested on the petitioner to show that the bonds had some value at the beginning of 1941. No evidence was offered to sustain this burden. A deduction for worthlessness of bonds must be taken in the year in which the bonds become worthless. A reading of the stipulated facts is sufficient to convince us that the second mortgage bonds were worthless long prior to the year 1941. The fact that petitioner went through the forms of a sale for $1.00 in 1941 does not serve to revive the lost value or postpone the date for a deduction on account of their worthlessness. , certiorari denied, . On the record we have no alternative to holding that the petitioner has failed to establish that the *27 respondent erred in disallowing the deduction. Decision will be entered for the respondent.